**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| STEPHEN HOWARD TIMMS, 1427411, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-1878-K |
| | ) | |
| RICHARD THALER, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the

United States District Court for the Northern District of Texas. The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. NATURE OF THE CASE**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional

Institutions Division ("TDCJ-CID"). He filed this petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254. Respondent Rick Thaler is Director of the TDCJ-CID.

**II. PROCEDURAL BACKGROUND**

On August 22, 2006, Petitioner was found guilty of aggravated robbery with a deadly

weapon, enhanced by two prior felonies. *State of Texas v. Stephen Howard Timms*, No. F06-

00155-WQ (204th Crim. Dist. Ct., Dallas County, Tex., Aug. 22, 2006). Petitioner was sentenced

to thirty-five years in prison.  On May 3, 2007, the Fifth District Court of Appeals affirmed

Petitioner's conviction and sentence.  *Timms v. State*, No. 05-06-1402-CR (Tex. App.– Dallas,

May 3, 2007).  On September 12, 2007, the Court of Criminal Appeals denied Petitioner's

petition for discretionary review.

       On December 31, 2007, Petitioner filed a state petition for writ of habeas corpus.  *Ex

parte Timms*, Application No. 49,616-05.  On July 9, 2008, the Texas Court of Criminal Appeals

denied the petition without written order on the findings of the trial court.

       On October 20, 2008, Petitioner filed this federal petition for writ of habeas corpus.  He

argues:

> (1)     the trial court abused its discretion when it admitted evidence of Petitioner's prior
>
>         convictions;
>
> (2)     the trial court abused its discretion when it denied Petitioner's motion for
>
>         continuance;
>
> (3)     the state court of appeals failed to address Petitioner's claim regarding the trial
>
>         court's denial of his motion for continuance:
>
> (4)     the prosecutor committed a *Brady* violation;
>
> (5)     the prosecutor committed misconduct by impeaching Petitioner with his prior
>
>         convictions;
>
> (6)     he received ineffective assistance of counsel when his counsel
>
> > (a)     failed to preserve for appellate review Petitioner's claim that his prior
> >
> >         conviction for deadly conduct was inadmissable;
> >
> > (b)     failed to file a motion for an identification hearing; and

(c)　　failed to request an audio graph or voice graph;

(7)　　A juror committed misconduct by speaking with the complainant from

Petitioner's 2001 deadly conduct conviction.

On January 20, 2010, Respondent filed his response.  On February 18, 2010, Petitioner

filed a traverse.  The Court now finds the petition should be denied.

## III.　DISCUSSION

### A. Procedural Bar

Petitioner argues the state violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed

to disclose that a witness named Glenn Ramsey had been located in federal prison.  Respondent

argues that Petitioner's *Brady* claim is procedurally barred because he failed to raise the claim on

direct appeal.

Federal courts may not review a state court decision that rests on an adequate and

independent state procedural default, unless the habeas petitioner shows cause for the default and

"prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will

result in a "fundamental miscarriage of justice."  *Harris v. Reed*, 489 U.S. 255, 262 (1989).

When the last state court to review a claim clearly and expressly states that its judgment rests on

a procedural bar, the procedural default doctrine generally bars federal review.  *Id*; *Lowe v. Scott*,

48 F.3d 873, 875 (5th Cir. 1995).

In this case, the state habeas court found Petitioner's Brady claim procedurally barred

because he failed to raise the claim on direct appeal.  *Ex parte Timms,* No. 49,616-05at 47.  To

overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must

demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged

violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to raise this claim on direct review.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar.

**B.      Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254, provide:

(d)      An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

   (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See Williams*, 529 U.S. at 307.

## C.     State Law Claims

### (1)     Texas Rule of Evidence 609

Petitioner argues the trial court violated Texas Rule of Evidence 609 and Texas case law when it allowed the prosecutor to question Petitioner regarding the details of a prior misdemeanor conviction for deadly conduct. Federal habeas corpus relief is available only for the vindication of rights existing under federal law. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). When there has been a violation of state procedure, the proper inquiry is whether there has been a violation of the defendant's due process rights that would render the trial as a whole fundamentally unfair. *Id.* It is not the function of the federal habeas court to review the interpretation of state law by a state court. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).

In this case, Petitioner has not shown a violation of his due process rights that rendered his trial fundamentally unfair. On direct examination, defense counsel asked Petitioner:

> DEFENSE COUNSEL: One of the reasons you were hesitant to testify is because you have numerous prior convictions over the last 20 years; is that right?
>
> PETITIONER: Yes.
>
> DEFENSE COUNSEL: And dating back to maybe 1985?
>
> PETITIONER: Yes.
>
> DEFENSE COUNSEL: What are those convictions for?
>
> PETITIONER: Uh, it was a . . . drug possession and auto theft.
>
> DEFENSE COUNSEL: Basically theft?
>
> PETITIONER: Auto theft.
>
> DEFENSE COUNSEL: Drug problem at the time, or did you ever have a drug problem?
>
> PETITIONER: Yes, I did.
>
> DEFENSE COUNSEL: None of those prior convictions that you had before involved any kind of violence?
>
> PETITIONER: No, ma'am, no.

(Trial Tr. Vol. 4 at 90).

The prosecutor then asked Petitioner about his prior conviction for deadly conduct. (*Id*. at 113-114.) The prosecutor also asked Petitioner whether he was ever charged with aggravated kidnaping and aggravated robbery. Petitioner stated he was charged with those crimes, but the resulting conviction was reduced to the misdemeanor deadly conduct conviction. (*Id*. at 113-116.) Under Texas law, once a defendant leaves a false impression during direct examination

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 6**

regarding the nature of previous charges, the opposing party is entitled to question the defendant

to correct the false impression. *Theus v. State*, 845 S.W.2d 874, 878 (Tex. Crim. App. 1992);

*Turner v. State*, 4 S.W.3d 74, 79 (Tex. App. – Waco 1999, no pet.). Cross-examination is not

limited to the defendant's own statements on direct examination. *Turner*, 4 S.W.3d at 79.

In this case, Petitioner's testimony on direct examination left a false impression regarding

the nature of his previous conviction. He has not shown the trial court erred in allowing the

prosecutor to question him further regarding this conviction. Petitioner's claim should be

denied.

### (2)     Motion for Continuance

Petitioner argues the trial court violated Texas Rule of Criminal Procedure 29.13 when it

denied his motion for a continuance prior to the punishment phase. Petitioner states that his

counsel learned during trial of the existence and/or location of certain witnesses that would be

helpful to the defense. He states his counsel sought a continuance to talk to the witnesses before

the punishment phase.

Petitioner has failed to show a violation of his due process rights. Petitioner has

submitted no evidence that given a continuance, defense counsel would have located witnesses

who would have testified favorably for the defense. Petitioner's claims are conclusory and

should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that

mere conclusory allegations do not raise constitutional issues in habeas proceedings).

### (3)     Appellate Court

Petitioner argues the state appellate court erred when it failed to address Petitioner's

claim that the trial court improperly denied his motion for continuance. Petitioner, however, has

failed to show any prejudice from the denial of his motion for continuance. He has failed to show the appellate court's decision deprived him of due process.

**D.      Prosecutorial Misconduct**

Petitioner argues the prosecutor committed misconduct by impeaching him with facts underlying his prior conviction for deadly conduct. Prosecutorial misconduct implicates due process concerns. *Foy v. Donnelly*, 959 F.2d 1307, 1316 (5th Cir. 1992). When a petitioner asserts a due process violation, the Court must determine whether the prosecutorial comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In the habeas context, the appropriate review for such allegations is "the narrow one of due process, and not the broad exercise of supervisory power." *Id.* (quoting *Donnelly,* 416 U.S. at 642).

As discussed above, defense counsel asked Petitioner if any of his prior convictions involved violence. He answered "No." The prosecutor was entitled to correct this false impression by questioning Petitioner about his prior deadly conduct conviction to show that Petitioner's previous conviction did involve violence. *Theus v. State*, 845 S.W.2d at 878; *Turner v. State*, 4 S.W.3d at 79. Petitioner's claim should be denied.

**E.      Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive

Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the

Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and

"every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466

U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such

prejudice, Petitioner must show "a reasonable probability that the result of the proceedings

would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d

309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a

different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant

must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"

*Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(1)     Appellate Review**

Petitioner argues his counsel was ineffective because she failed to preserve for appellate

review his claim that the prosecutor improperly admitted Petitioner's deadly conduct conviction.

As stated above, the prosecutor was entitled to question Petitioner about this conviction because,

on direct examination, Petitioner claimed he had no prior convictions involving violence.

Petitioner has failed to show constitutionally deficient counsel.

**(2)     Motion for Identity Hearing**

Petitioner argues his counsel was ineffective because she did not file a motion for an

identity hearing. On state habeas review, defense counsel stated she did not file a motion for an

identity hearing because Petitioner's DNA was found in a glove left at the scene, and the victim

had identified Petitioner from a photo line-up. (*Ex parte Timms*, No. 49,616-05 at 51.)

Petitioner has failed to show his counsel was deficient, or that he suffered the required prejudice.

### (3)    Motion for Audio/Voice Graph

Petitioner states the complainant claimed he talked to her at length during the robbery.

Petitioner argues his counsel should have filed a motion for an audio/voice graph to determine if

the complainant could identify his voice. In this case, the complainant identified Petitioner from

a photo line-up. Petitioner has also failed to show that an audio/voice graph would have been

helpful to the defense. Petitioner has failed to show ineffective assistance of counsel.

## F.    Juror Misconduct

Petitioner alleges that during a trial recess, his mother saw a juror talking to the victim of

his 2001 deadly conduct conviction. He states the prosecutor claimed the women talked about

hair. (Pet. Mem. at 43.) Petitioner submitted no evidence regarding this alleged conversation.

The Court's review of the record uncovered no evidence of the conversation. The state habeas

court likewise found that Petitioner failed to present evidence of this alleged conversation. (*Ex

parte Timms*. No. 49,616-05 at 49.) Petitioner's claim should be denied as conclusory.

## G.    Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a

constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not

contrary to or does not involve an unreasonable application of clearly established federal law and

is not based on an unreasonable determination of the facts in light of the evidence presented in

the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice.

Signed this 4th day of March, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).